BLESSING ET AL., APPELLANTS, *v.* MASHETER, DIR., APPELLEE.

(No. 7427—Decided September 13, 1963.)

*Mr. Frank Miseta,* for appellants.
*Mr. William B. Saxbe,* attorney general, *Mr. Harold B. Talbott* and *Mr. William W. Brown,* for appellee.

BRYANT, J.  This is an appeal on questions of law and fact from the action of the Court of Common Pleas of Franklin County dismissing the petition filed in that court by William E. Blessing and Jeannette M. Blessing, plaintiffs below, appellants herein, against Pearl E. Masheter, Director of Highways, defendant below, appellee herein.

The journal entry dismissing the petition was filed in the court below on June 18, 1963, and, on July 3, 1963, plaintiffs gave notice of appeal on questions of law and fact.  Although more than seventy days have elapsed since the filing of the notice of appeal, it appears that no bond has been furnished or stipulation as to evidence made nor has any brief been filed on behalf of plaintiffs.

The case now before us bears number 7427 in this court and in the Court of Common Pleas bore number 217,361.  Counsel for plaintiffs have moved for an order staying defendant from proceeding with the trial of the appropriation case now pending in the Common Pleas Court of Franklin County, the appropriation case bearing number 216,690 in the court below.

From an examination of the petition it would appear that after the appropriation case number 216,690 was filed, the same plaintiffs filed an action for an injunction to halt the appropriation proceeding, that case being number 217,010. It apparently was the contention of plaintiffs in case number 217,010 that there was a defect in the proceedings as to a portion of the land sought to be appropriated, and it appears further that the highway director, after this was called to his attention, filed an amended resolution striking out that portion of the total project which includes the parcels of real estate which the plaintiffs contend were being illegally appropriated because of procedural defects.

It appears further that thereafter the petition in case number 217,010 was dismissed and the petition in the proceeding now before us was filed. Counsel for the highway director claims that the new petition is identical with the petition in the earlier case but with the additional claim that the highway director lacked the authority to make the amendments or changes to meet the objections raised by plaintiffs, appellants herein.

We do not believe the motion to stay proceedings in case number 216,690 is well taken. It is a separate and distinct lawsuit and obviously the file is not before us and we have no way of knowing what papers have been filed or what they allege or claim. It is the contention of counsel for the highway director that all the issues sought to be raised in case number 217,361 were before the court below in case number 217,010 which was dismissed, in light of which plaintiffs, by not appealing, have lost their right to do so at this stage in the proceedings.

We conclude therefore that the motion to stay proceedings in case number 216,690 is not well taken and must be overruled.

On behalf of the highway director, a motion to dismiss has been filed "for failure to follow rules of the court." In support of the motion to dismiss, it is contended that "rule five (5) of the Rules of the Court of Appeals of Ohio for the Tenth Appellate District have not been complied with by the appellant. No stipulation of evidence, no statement of evidence to be presented, or brief has been filed in this case. A naked notice of appeal, therefore, should be dismissed summarily."

In answer to this motion, counsel for plaintiffs "admits

that he overlooked filing bond herein to perfect his appeal as one on questions of law and fact. Counsel, however, respectfully requests this court to retain this appeal as an appeal in law only.''

It seems clear from the failure of plaintiffs to comply in any way with Rule V, A, of the Rules of the Courts of Appeals governing appeals on questions of law and fact, except the filing of the notice of appeal, that there is a failure to prosecute the appeal.

Under the established policy of this court, noncompliance with the rules which is not waived by the opposing party, but instead objected to by motion, is ground for dismissal in the absence of a showing of good cause. Appellant offers no excuse. See *In re Trust of Thomas* (Franklin County Court of Appeals, 1962, No. 6820), motion to certify the record (37781) overruled, January 30, 1963.

This court, therefore, sustains the motion to dismiss the appeal.

*Motion sustained.*

DUFFY, P. J., and DUFFEY, J., concur.